UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric Antonio PARKER, a/k/a "E",
Defendant–Appellant.

No. 92–3325.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1994.

Edward S. Stafman, Tallahassee, FL, for appellant.

Thomas F. Kirwin, Asst. U.S. Atty., Tallahassee, FL, for appellee.

Before BLACK, Circuit Judge, FAY, Senior Circuit Judge, and UNGARO–BENAGES,* District Court Judge.

PER CURIAM:

Eric Antonio Parker ("Parker") was convicted in the District Court for the Northern District of Florida ("Tallahassee case") of two counts of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. He appeals that conviction and raises several evidentiary issues for our review.[1] Because we find no error, we AFFIRM.

---

* Judge Ursula Ungaro–Benages, U.S. District Court for the Southern District of Florida, sitting by designation.

1. We find no abuse of discretion as to the admission of evidence raised in the appellant's second and third issues and will not address those issues any further. *United States v. Miller*, 959 F.2d 1535 (11th Cir.1992); *United States v. Hawkins*, 905 F.2d 1489 (11th Cir.1990). Furthermore, viewing the evidence in a light most favorable to the government, we find that the government proved by a preponderance of the evidence that

## I. FACTS

Prior to the trial in the instant case, Parker was tried and convicted of drug conspiracy in the District Court for the Western District of Tennessee ("Memphis case"). Due to a series of trial errors, the Sixth Circuit reversed that conviction. *United States v. Parker*, 997 F.2d 219 (6th Cir.1993). However, some of the evidence used against Parker at that trial is the subject of an issue on appeal before us.

After agents in Memphis arrested Parker and advised him of his constitutional rights, he consented to a search of his home pursuant to an Assistant U.S. Attorney's promise that anything found would not be used against him. Parker also gave a statement to investigators explaining the cocaine operation and admitting his involvement. The Memphis prosecutors sought to use the statements against him at trial. Parker filed a motion to suppress the statements and argued that equitable immunity rendered the statements inadmissible. The District Court for the Western District of Tennessee conducted a hearing and denied the motion. Accordingly, the statements were used against Parker in the Memphis case.

The prosecutors in the Tallahassee case gave notice, pursuant to *Fed.R.Evid.* 404(b), of their intent to use the statements Parker made during the Memphis investigation in their case-in-chief.[2] Parker filed a motion to suppress the statements and the motion was set for a hearing. The parties agreed to submit the transcript of the Memphis suppression hearing in lieu of live testimony in the Tallahassee suppression hearing.

Parker argued that *both* the statements *and* any evidence discovered at his home were immunized by the Memphis prosecutor's promise. The government argued that because the issue had been decided in the Memphis case and the evidence was admitted, Parker was collaterally estopped from challenging the admission of the statements in the Tallahassee case. The government also argued, in the alternative, that the promise *only* covered the physical evidence discovered at Parker's home and did not extend to any of the statements Parker made after being apprised of his rights.

After reading the Memphis transcript and hearing arguments of both the prosecution and the defense, the Florida District Court analyzed the admissibility of the statements:

> I understand Mr. Parker's contention before me is that by giving law enforcement a right to consent to a search of his premises, upon the promise, that no evidence obtained as a result of that consensual search would be used against him here or anywhere else; that this was a—an immunity pact, as I see it, which would have precluded law enforcement or the prosecution in—in the Western District of Tennessee or here, from introducing into evidence oral statements made by Mr. Parker after he was properly immunized, that it would be unfair and a violation of his Fifth Amendment rights for the prosecution, on one hand, at some point, doing an interview saying, if you will help us out to nail this guy, Taven Chandler, by letting us search your place, we won't use that evidence against you. And I think Mr. Parker says that, as I see it, the rules changed, and therefore, if he did as law enforcement asked him to do and gave them the right to search his premises, that they should be held to what he contends is their side of the agreement, that is that no evidence obtained from him during the search of during the interview could be used against him.
>
> It seems to me that, first of all, we have no—no question that in this case the government is not going to try to introduce any—any evidence taken from Mr. Parker's premises, nor will the government seek to introduce any evidence that could have resulted from anything the government of law enforcement discovered at Mr.

---

the offense took place within the trial district. *United States v. Burroughs*, 830 F.2d 1574, 1580 (11th Cir.1987). Accordingly, we will not address the appellant's final issue any further. Thus, the only issue left to address is the question of an alleged immunity agreement.

**2.** It appears that the trafficking methods employed in the Memphis and Tallahassee cases were nearly identical.

Parker's premises. And the issue then is really narrow as to whether what Mr. Parker told the officers after being properly immunized can be admissible in this case.

. . . .

It seems to me that there is nothing in the record to suggest that law enforcement, by asking to consent to a search of Mr. Parker's residence, indicated to him that his statements made to them, either before or after that, relating to matters other than his premises, were not going to be used against him. I think, as I—as I see the evidence before me, he had already begun to implicate himself in—in the activity forming the basis of this—of this case, and perhaps giving the evidence that would be 404(b) evidence in this trial in this district.

The immunity that was granted to Mr. Parker on the consent of this—to get consent to search his premises was limited to that—that search, that physical search of his—of his premises and does not extend to any oral statements that he—that he made.

(SR 1–31–33).

Based on the above analysis, the District Court denied Parker's motion to suppress the statements.

## II. DISCUSSION

 We review the question of whether there are facts sufficient to afford a defendant immunity from prosecution under a clearly erroneous standard. *United States v. Weaver,* 905 F.2d 1466 (11th Cir.1990), *cert. denied sub nom.* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991). Parker argues that the court applied a collateral estoppel theory based on the admission of the same evidence in the Memphis case and that because the Sixth Circuit reversed the District Court's decision, the evidence should be excluded here. We disagree for several reasons.

First, the District Court engaged in a thorough and objective examination of the evidence, *United States v. Calimano,* 576 F.2d 637, 640 (5th Cir.1978), and reached the collateral estoppel analysis *after* it rejected Parker's equitable immunity theory on the merits. Second, the Sixth Circuit reversed Parker's Memphis conviction on several grounds other than the admission of the statements he made to Memphis investigators. With regard to those statements, the Court directed the District Court to reexamine the question of immunity more fully. *Parker,* 997 F.2d at 223. We think that the Sixth Circuit wanted the Memphis District Court to engage in precisely the type of analysis that took place here. Because we find no clear error in the District Court's determination that the immunity agreement did not include statements made to investigators, we AFFIRM the conviction.

## III. CONCLUSION

For the above reasons, Parker's conviction is AFFIRMED.

AFFIRMED.